**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DANIEL BAIDEN, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** 1:13-cv-01954-MJG |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

DANIEL BAIDEN ("Plaintiff"), by his attorneys, Kimmel & Silverman, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Maryland Consumer Debt Collection Act, MD Code § 14-201 *et. seq.* ("MCDCA"), and Maryland common law.

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Supplemental jurisdiction of the United States District Courts, for the Maryland state law claims arise pursuant to 28 U.S.C. § 1367.

4.      Defendant conducts business in the State of Maryland and therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6.      Plaintiff is a natural person residing in Germantown, Maryland.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9.      Defendant Portfolio Recovery Associates, LLC, is a company specializing in debt collection with its principal place of business located at 120 Corporate Boulevard, Norfolk, VA 23502.

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6); and is a "collector" as the term is defined by MD Code § 14-201(b).

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12.     At all relevant times, Defendant was acting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5).

PLAINTIFF'S FIRST AMENDED COMPLAINT

13.     Plaintiff has no business debt, and therefore is certain that the alleged debt arose out of transactions which were primarily for personal, family, or household purposes.

14.     Throughout July 2012, Defendant's collectors made repeated harassing telephone calls to Plaintiff's home telephone regarding the alleged debt.

15.     Defendant's calls originated from numbers, including but not limited to (800) 860-0644.  The undersigned has confirmed that this number belong to Defendant.

16.     Defendant called Plaintiff every day during this time period.

17.     Defendant's collectors contacted Plaintiff anywhere from two (2) to five (5) times per day.

18.     Plaintiff has never been able to speak to a live representative from Defendant's company.

19.     Rather, each time Plaintiff picked up the phone, he was met with Defendant's computer recording on the other end.

20.     These recordings only indicated that it was Defendant calling and gave their return phone number.

21.     Further, Defendant did not inform Plaintiff within five (5) days of its initial contact with him how he could dispute the debt, how he could obtain verification of the debt, or that unless he disputed the debt within thirty (30) days, the debt would be assumed to be valid.

22.     In fact, Defendant never sent anything in writing to Plaintiff at all regarding the alleged debt Plaintiff owed.

23.     As such, Plaintiff had no way to learn about the alleged debt, dispute any alleged debt, or demand that the collectors cease contacting him.

24.     Defendant's actions as described herein were made with the intent to harass and

PLAINTIFF'S FIRST AMENDED COMPLAINT

abuse Plaintiff.

25.    Additionally, Defendant's conduct invaded Plaintiff's privacy.


## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

27.    Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called multiple times in a singular day, when it did not give Plaintiff the opportunity to speak with a live person, when it repeatedly left computer-generated voice messages for Plaintiff and when they engaged in other harassing or abusive conduct.


## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

28.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29.    Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

PLAINTIFF'S FIRST AMENDED COMPLAINT

1

2

3

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

4

5

30.    Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

6

7

31.    Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it called multiple times in a singular day, when it did not give Plaintiff the opportunity to speak with a live person, when it repeatedly left computer-generated voice messages for Plaintiff, when it failed to provide Plaintiff with any information about the underlying alleged debt, when it failed to send Plaintiff written verification of the debt as well as Plaintiff's rights to dispute the debt under the FDCPA, and when it engaged in other unfair or unconscionable means to attempt to collect the alleged debt.

8

9

10

11

12

13

14

## COUNT IV
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

15

16

17

32.    Section 1692g(a) of the FDCPA states that within five (5) days after the initial communication with a  consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and that if the debt is disputed, the debt collector will obtain verification of the debt.

18

19

20

21

22

33.    Defendant violated § 1692g(a) of the FDCPA when it failed to provide Plaintiff with written notification of his rights to dispute the debt or to demand verification thereof within five (5) days of its first communication with Plaintiff.

23

24

25

PLAINTIFF'S FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**COUNT V**
**DEFENDANT VIOLATED § 14-202 OF THE**
**MARYLAND CONSUMER DEBT COLLECTION ACT**

34.     Section 14-202 of the Maryland Consumer Debt Collection Act prohibits debt

collectors from using unfair or unconscionable means to collect or attempt to collect an alleged

debt.

35.     Defendant violated § 14-202 of the Maryland Consumer Debt Collection Act

when it called Plaintiff repeatedly and continuously, when it called multiple times in a singular

day, when it did not give Plaintiff the opportunity to speak with a live person, when it repeatedly

left computer-generated voice messages for Plaintiff, when it failed to provide Plaintiff with any

information about the underlying alleged debt, when it failed to send Plaintiff written verification

of the debt as well as Plaintiff's rights to dispute the debt under the FDCPA, and when it

engaged in other unfair or unconscionable means to attempt to collect the alleged debt.

**COUNT VI**
**DEFENDANT INVADED PLAINTIFF'S PRIVACY BY**
**INTRUSION UPON SECLUSION**

36.     Maryland recognizes a tort for Invasion of Privacy by Intrusion Upon

Seclusion.

37.     In Maryland the elements of the tort are: 1) an intentional intrusion; 2) upon

another person's solitude, seclusion, private affairs, or concerns; 2) in a manner that would be

highly offensive to a reasonable person. Trundle v. Homeside Lending, Inc., 162 F.Supp.2d 396,

401 (D. MD. 2001).

38.     Defendant intentionally intruded upon the seclusion of Plaintiff when its agents

and/or employees called multiple times per day on his home telephone and left continuous voice

messages on his telephone.

39.     These actions were highly offensive to Plaintiff, as it would be any reasonable person.

40.     These acts were committed with malice, intent, wantonness and recklessness, affording Plaintiff the remedy of actual and punitive damages.

WHEREFORE, Plaintiff, DANIEL BAIDEN, respectfully prays for a judgment as follows:

      a.      All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1), MD Code § 14-203, and Maryland common law;

      b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.      Punitive damages for Defendant's invasion of Plaintiff's privacy;

      d.      Reasonable attorney's fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

      e.      Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DANIEL BAIDEN, demands a jury trial in this case.

PLAINTIFF'S FIRST AMENDED COMPLAINT

1

2                                        RESPECTFULLY SUBMITTED,

3   DATED: 08/16/13

4                           By: /s/ Amy L. Bennecoff
                                Amy L. Bennecoff
5                               Kimmel & Silverman, P.C
                                Bar ID No. 29950
6                               30 East Butler Pike
                                Ambler, PA 19002
7                               Telephone: (215) 540-8888
                                Facsimile (215) 540-8817
8                               Email: abennecoff@creditlaw.com
                                Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S FIRST AMENDED COMPLAINT